IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TORIN SAUCIER                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 2:17-cv-17-KS-MTP

SHERIFF DEPUTY JONES and
DETECTIVE FINLEY                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court following an omnibus and screening hearing of the claims brought by a *pro se* prisoner plaintiff. Having considered the record, Plaintiff's testimony at the omnibus hearing, and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

On February 3, 2017, Plaintiff Torin Saucier, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the Forrest County Adult Detention Center as a pretrial detainee. On August 3, 2017, the parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge. Plaintiff Saucier appeared *pro se* and Honorable Brennan Breeland appeared on behalf of Defendants Captain David Jones and Investigator Matt Finley.

In his Complaint, Plaintiff named Sheriff Deputy Jones and Detective Finley as defendants. Plaintiff asserts that Defendants wrongfully arrested him for burglary. On June 9, 2017, Captain David Jones and Investigator Matt Finley filed an Answer [18]. On June 19, 2017, however, Plaintiff filed a Motion to Amend [20] stating that he did not intend to sue Defendant Finley. Plaintiff also stated that he did not intend to sue Captain David Jones, but

1

intended to sue Deputy Zach Jones.[1]  At the omnibus hearing, Plaintiff moved to voluntarily dismiss Matt Finley and explained that Zach Jones should be a defendant, not David Jones. According to Plaintiff, Zach Jones was the arresting officer.

Additionally, Plaintiff stated that the burglary charge against him remains pending and that his criminal trial is set for November 22, 2017.  In this action, Plaintiff is challenging the validity of his arrest and any future conviction for burglary.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id*. at 489-91.  Here, Saucier has not been convicted of a crime.  While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest action would necessarily imply the invalidity of any future conviction that might result from the burglary charge and would, therefore, implicate *Heck*. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Accordingly, the undersigned recommends that the Court dismiss this action without prejudice to Saucier's ability to bring a § 1983 action upon final resolution of his criminal case.[2] *See Graham v. Starks*, 2014 WL 1091180 (N.D. Miss. Mar. 19, 2014); *Grimes v. Johnson*, 2016 WL 6892496 (W.D. La. Nov. 22, 2016).

---

[1] Plaintiff also filed a Motion to Amend [19] seeking to add the Forrest County Sheriff's Department because it employs the Defendants.

[2] The undersigned notes that the Court has the authority to stay this civil action pending the resolution of Saucier's criminal case. *See Wallace*, 549 U.S. at 393-94; *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).  However, as the only individual Saucier wishes to name as a defendant has not appeared in this action or been served with process, the undersigned finds dismissal without prejudice a more efficient use of resources.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This 4th day of August, 2017.

s/ Michael T. Parker
United States Magistrate Judge